UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

REGINALD PHILLIPS,
Plaintiff,

vs.

SGT. WALTER SAMMONS,
Defendant.

Case No. 1:16-cv-1034
Dlott, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

Plaintiff Reginald Phillips, an inmate at the Southern Ohio Correctional Facility ("SOCF") proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983 alleging that prison officials used excessive force against him and were deliberately indifferent to his medical needs in violation of the Eighth Amendment. (*See* Doc. 5). This matter is before the Court on plaintiff's motion for summary judgment (Doc. 15) and defendant's motion for summary judgment and opposition to plaintiff's motion for summary judgment (Doc. 23), to which plaintiff has not responded.

## I. Summary Judgment Standard

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A grant of summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Satterfield v. Tennessee*, 295 F.3d 611, 615 (6th Cir. 2002). The Court must evaluate the evidence, and all

inferences drawn therefrom, in the light most favorable to the non-moving party. *Satterfield*, 295 F.3d at 615; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Little Caesar Enters., Inc. v. OPPC, LLC*, 219 F.3d 547, 551 (6th Cir. 2000).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249. The trial court need not search the entire record for material issues of fact, *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989), but must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587. "In response to a properly supported summary judgment motion, the non-moving party 'is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial.'" *Maston v. Montgomery Cty. Jail Med. Staff Pers.*, 832 F. Supp.2d 846, 849 (S.D. Ohio 2011) (quoting *Sixty Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)).

Because plaintiff is a pro se litigant, his filings are liberally construed. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that the Court holds pleadings of pro se litigants to less stringent standards than formal pleadings drafted by lawyers)); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) (pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings). However, a party's status as a pro se litigant does not alter his duty to support his factual assertions with admissible evidence. *Maston*, 832 F. Supp.2d at 851-52 (citing *Viergutz v. Lucent Techs., Inc.*,

375 F. App'x 482, 485 (6th Cir. 2010)). When opposing a motion for summary judgment, a pro se party cannot rely on allegations or denials in unsworn filings. *Id.* (citing *Viergutz*, 375 F. App'x at 485).

## II. Exhaustion of Administrative Remedies

### A. Legal Standard

Exhaustion of administrative remedies "is mandatory under the [Prison Litigation Reform Act ("PLRA")] and . . . unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). "[A] prisoner confined in any jail, prison, or other correctional facility" is barred from filing a lawsuit alleging constitutional violations under 42 U.S.C. § 1983 "or any other Federal law . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532.

"A prisoner's failure to exhaust his intra-prison administrative remedies prior to filing suit 'is an affirmative defense under the PLRA.'" *Surles v. Andison*, 678 F.3d 452, 455 (6th Cir. 2012) (quoting *Jones*, 549 U.S. at 216). "[T]he failure to exhaust 'must be established by the defendants.'" *Id.* (quoting *Napier v. Laurel Cty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011)). Thus, defendants bear the burden of proof on exhaustion. *Id.* Because defendants bear the burden of persuasion on exhaustion, their "initial summary judgement burden is 'higher in that [they] must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Id.* at 455-56 (quoting

3

*Cockrel v. Shelby Cty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001) (in turn quoting 11 James William Moore et al., Moore's Federal Practice § 56.13[1], at 56-138 (3d ed. 2000))).

The PLRA exhaustion requirement means prisoners must carry out "proper exhaustion" of a grievance. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "To properly exhaust a claim, prisoners must tak[e] advantage of each step the prison holds out for resolving the claim internally and by following the 'critical procedural rules' of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance 'on the merits' in the first instance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (quoting *Woodford*, 548 U.S. at 90). "Proper exhaustion [further] demands compliance with an agency's deadlines. . . ." *Woodford*, 548 U.S. at 90. Proper exhaustion serves the necessary interest of providing "fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *LaFountain v. Martin*, 334 F. App'x 738, 740 (6th Cir. 2009) (citing *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006)).

The procedure established for resolving inmate complaints in Ohio, codified in Ohio Admin. Code § 5120-9-31, involves a three-step process. First, the inmate is required to file an informal complaint with the direct supervisor of the staff member within fourteen days of the event giving rise to the complaint. Ohio Admin. Code § 5120-9-31(K)(1). Second, if the inmate is unsatisfied with the response to his informal complaint he may file a formal grievance with the inspector of institutional services at his institution of confinement. Ohio Admin. Code § 5120-9-31(K)(2). The inspector of institutional services is required to provide a written response to the inmate's grievance within fourteen calendar days of receipt of the grievance. *Id.* If the inmate is dissatisfied with the response, he may undertake the third step of the grievance process and file

4

an appeal to the office of chief inspector of the Ohio Department of Rehabilitation and Correction ("ODRC") within fourteen days of the disposition of the formal grievance. Ohio Admin. Code § 5120-9-31(K)(3).

**B. Resolution**

Defendant argues that plaintiff failed to exhaust his administrative remedies because he completed only the first of three steps required under Ohio law. (Doc. 23 at 13). Defendant cites to plaintiff's complaint where he admits to only completing the first step of the administrative grievance process. (*Id.*).

Plaintiff alleges in his unsworn complaint that he completed the first of three steps of the grievance procedure but "was told that [he] did not make the deadline for step 2." (*Id.* at 3). Plaintiff also alleges in his unsworn complaint that his request for an appeal was denied and "[t]he institution inspector will not provide me with the proper paperwork." (*Id.*). Plaintiff attaches a letter to the institutional inspector in his complaint, dated October 6, 2016, which states:

> Ma'am, I filed an informal complaint about a year ago on a use of force but failed to file a N.O.G. in time. I should have still been allowed to receive an appeal to the chief inspector. I now need an appeal form to file to the chief inspector. Also there is no time-limit on grievance for use of force. . .

The undersigned finds that the factual assertion in the complaint demonstrates no dispute that plaintiff failed to exhaust his administrative remedies prior to filing his federal complaint. Proper exhaustion requires prisoners comply with agency deadlines and follow critical procedural rules. Here, plaintiff failed to properly exhaust his administrative remedies and comply with the prison grievance procedure deadlines. Plaintiff admits that he failed to "make the deadline for step 2." (Doc. 5 at 3). Therefore, after the disposition of his informal complaint, plaintiff failed to file a notification of grievance "no later than fourteen calendar days from the

5

date of the informal complaint response or waiver of the informal complaint step." Ohio Admin. Code § 5120-9-31(K)(2). Under the three-step process codified in the Ohio Administrative Code, "[t]he inspector of institutional services may also waive the timeframe for the filing of the notification of grievance, for good cause." (*Id.*). Here, there is no indication that the institutional inspector waived the timeline for plaintiff to file his notification of grievance. The institutional inspector declined to extend the timeframe for plaintiff to file an informal grievance and instructed plaintiff to "Read AR5120-9-31," which is the prison grievance procedure outlined in the Ohio Administrative Code. (*See* Doc. 5 at 7). As the notification of grievance was untimely, plaintiff failed to properly exhaust his administrative remedies. *See Scott v. Ambani*, 577 F.3d 647, 647 (6th Cir. 2009) (holding that prisoner failed to properly exhaust under *Woodford* where grievance was denied as untimely during the administrative process).

Moreover, plaintiff has presented no evidence in response to defendant's motion for summary judgment that he exhausted his administrative remedies or that prison officials prevented him from exhausting the prison grievance procedure. Plaintiff alleges in his complaint that "[t]he institutional inspector will not provide me with the proper paperwork" to file an appeal and proceed to step three of the grievance process. (Doc. 5 at 3). However, a prisoner who simply alleges that prison officials did not provide him with the proper forms to follow administrative procedures does not demonstrate a genuine issue of material fact that he was prevented from exhausting his administrative remedies. *Jones v. Smith*, 266 F.3d 399, 400 (6th Cir. 2001). Moreover, given that plaintiff failed to file a timely notification of grievance and the institutional inspector declined to extend the timeframe for plaintiff to file it, plaintiff was foreclosed from proceeding to step three of the prison grievance procedure. On these facts, the Court must conclude that plaintiff failed to exhaust his administrative remedies.

Consistent with the foregoing, plaintiff's claims should be dismissed without prejudice for failure to exhaust his administrative remedies. *See Boyd v. Corr. Corp. of Am.*, 380 F.3d 989, 994 (6th Cir. 2006) (citing *Knuckles El v. Tooms*, 215 F.3d 640, 642 (6th Cir. 2000)) ("A dismissal under §1997e should be without prejudice."). However, in the event that the recommendation on the exhaustion issue is not adopted, the Court will also consider the parties' summary judgment motions on the merits of plaintiff's Eighth Amendment claims.

**III. Excessive Force Claim**

**A. Legal Standard**

A convicted prisoner's right to be free from the use of excessive force by a prison official is governed by the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 327 (1986). The "core judicial inquiry" whenever a prison official stands accused of using excessive force is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). Excessive force claims must focus "on the nature of the force rather than the extent of the injury. . . ." *Id.* at 34. In making this inquiry, the Court must consider the need for the use of force; the relationship between that need and the type and amount of the force used; the threat reasonably perceived by the responsible official; and the extent of the injury inflicted. *See Hudson*, 503 U.S. at 7; *Whitley*, 475 U.S. at 320-321.

"While the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred." *Cordell v. McKinney*, 759 F.3d 573, 580-81 (6th Cir. 2014) (citing *Wilkins*, 559 U.S. at 37). "When prison officials maliciously and sadistically use force to cause harm . . . contemporary standards of decency always are violated . . . whether or not significant injury is evident.

7

Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Wilkins*, 559 U.S. at 37 (quoting *Hudson*, 503 U.S. at 9). The absence of a serious injury is nonetheless relevant as a factor that suggests whether the use of force may "plausibly have been thought necessary" in a given situation. *Id.* (quoting *Hudson*, 503 U.S. at 7).

Corrections officers do not violate a prisoner's Eighth Amendment rights when they use force "in a good-faith effort to maintain or restore discipline." *Roberson v. Torres*, 770 F.3d 398, 406 (6th Cir. 2014) (quoting *Jennings v. Mitchell*, 93 F. App'x 723, 725 (6th Cir. 2004)). Accordingly, the Sixth Circuit has found no Eighth Amendment violation in numerous cases involving "the use of . . . chemical agents against recalcitrant prisoners." *Id.* (quoting *Caldwell v. Moore*, 968 F.2d 595, 600 (6th Cir. 1992) (collecting cases)); *Jennings*, 93 F. App'x at 725 ("The videotape squarely demonstrates that Jennings disobeyed repeated direct orders prior to the use of pepper spray.")). *See also Thompson v. Joseph*, No. 1:12-cv-992, 2014 WL 1685918, at *7 (S.D. Ohio Apr. 29, 2014) (Report and Recommendation) (Bowman, M.J.), *adopted*, 2014 WL 2172894 (S.D. Ohio May 23, 2014) (the defendant was entitled to qualified immunity because "no reasonable officer would have understood that it violated the Eighth Amendment to reactively aim chemical spray at Plaintiff in his cell for less than two seconds (based on the videotape record), in order to force a threatening inmate to retreat and restore order.")). *But see Williams v. Curtin*, 631 F.3d 380, 384 (6th Cir. 2011) (the plaintiff stated a valid excessive force claim when he "allege[d] that, when instructed to 'pack up,' he inquired, 'What for, sir?,' at which point an 'assault team' entered the cell and used a chemical agent on him.").

**B. Undisputed Facts**

8

Defendant presents the following facts and evidence in support of his motion for summary judgment which, as noted above, has not been opposed by plaintiff:[1]

On October 30, 2015, Defendant Sammons conducted a Rules Infraction Board ("RIB") hearing and explained to plaintiff that the RIB planned on ruling against him. (Affidavit of Walter Sammons at ¶ 2). Plaintiff then became loud and disruptive. (*Id.*). Defendant Sammons ordered plaintiff to leave the RIB hearing room, but he refused to comply. (*Id.*). Sergeant Mills, who was in another office at the time, heard the disturbance and responded to the RIB hearing room. (Answers to Plaintiff's Second Set of Interrogatories, Doc. 23-7 at 1-2). Sergeant Mills ordered plaintiff to exit the room, but he refused. (*Id.*). As Sergeant Mills attempted to escort plaintiff out of the RIB hearing room, plaintiff aggressively lunged towards him. (*Id.* at 1). Defendant Sammons sprayed a chemical agent at plaintiff, but he dodged the spray, causing most of it to strike Sergeant Mills. (Sammons Affidavit at ¶ 2). Defendant Sammons took a hold of plaintiff and escorted him out of the area. (*Id.*). Correctional Officer Shaw assisted in escorting plaintiff back to his cell. (*Id.*).

**C. Resolution**

Defendant argues that summary judgment should be granted in his favor because plaintiff fails to show an Eighth Amendment violation. (Doc. 23 at 6). Specifically, defendant contends that the pepper spray application constituted a *de minimus* amount of force given that plaintiff repeatedly failed to follow direct orders during the RIB hearing and lunged towards Sergeant Mills. (*Id.* at 7). Defendant further contends that plaintiff cannot show that he was acting with a

---

[1] In failing to file a memorandum in opposition to defendant's motion for summary judgment or file any evidence in support of his own motion for summary judgment, plaintiff has failed to offer any facts or evidence to support his claims. Plaintiff's motion for summary judgment states that it is supported by "the Affidavit of Reginald Phillips and the exhibits attached to those affidavits, the answers to Interrogatories 1 through 8 sworn on March 23, 2017" (Doc. 15 at 2); however, plaintiff failed to attach these documents to his motion and the record contains no such evidence. As such, the facts as presented by defendant are undisputed.

9

culpable state of mind, as the "short burst of pepper spray was a clear good-faith effort to restore discipline given Plaintiff was failing to obey orders and acting aggressively." (*Id.* at 8).

Defendant has submitted evidence that he employed reasonable force in response to plaintiff's actions during the RIB hearing, which included loud and disruptive behavior, failure to follow orders and leave the hearing room, and aggressive behavior in lunging towards Sergeant Mills. (*See* Sammons Affidavit at ¶ 2; Incident Reports, Doc. 23-2 at 1-15).

In opposing defendant's properly supported motion for summary judgment, plaintiff must "designate specific facts in affidavits, depositions, interrogatories, or other factual material" from which a reasonable jury could find in his favor. *Maston*, 832 F. Supp.2d at 849. He "cannot rest on the mere allegations of the pleadings." *Id.* Plaintiff's unsworn complaint, which was not signed under penalty of perjury, does not constitute evidence to show that there is a genuine issue of material fact for trial. (*See* Doc. 5); *see Maston*, 832 F. Supp.2d at 851-52 (holding that a pro se party cannot rely on allegations or denials in unsworn filings when opposing a motion for summary judgment). Thus, because plaintiff has failed to submit any evidence creating a genuine issue of fact as to whether defendant's use of pepper spray was reasonable under the circumstances and was done in good faith in response to plaintiff's threatening behavior, summary judgment should be granted on plaintiff's Eighth Amendment excessive force claim.

## IV. Denial of Medical Care Claim

### A. Legal Standard

To establish a violation of his Eighth Amendment rights resulting from a denial of medical care, plaintiff must show that prison officials acted with "deliberate indifference to [his] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994). A constitutional claim for denial of medical care has objective and

subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Napier v. Madison Cty.*, 238 F.3d 739, 742 (6th Cir. 2001). The objective component requires the existence of a "sufficiently serious" medical need. *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Farmer*, 511 U.S. at 834; *Estelle*, 429 U.S. at 104). A medical need is "sufficiently serious" if it either "has been diagnosed by a physician as mandating treatment" or "is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gunther v. Castineta*, 561 F. App'x 497, 499 (6th Cir. 2014) (quoting *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008)).

The subjective component requires an inmate to show that prison officials had "a sufficiently culpable state of mind" in denying medical care. *Farmer*, 511 U.S. at 834. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Gunther*, 561 F. App'x at 500 (quoting *Harrison*, 539 F.3d at 518). "Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference." *Horn v. Madison Cty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994). In sum, to prove the subjective component, the plaintiff must show that the official: (a) subjectively knew of a risk to the prisoner's health; (b) drew the inference that a substantial risk of harm to the prisoner existed; and (c) consciously disregarded that risk. *Farmer*, 511 U.S. at 837.

**B. Undisputed Facts**

On October 30, 2015, Nurse Mary Tipton examined plaintiff directly after the pepper spray incident. (Affidavit of Roseanna Clagg, Doc. 23-5 at ¶ 2; Medical Exam Report of Reginald Phillips, Doc. 23-2 at 9). Plaintiff reported discomfort in his eyes resulting from the

11

incident. (*Id.*). Nurse Tipton instructed plaintiff to use a cold compress to treat the discomfort. (*Id*). She instructed plaintiff to follow up with a nurse sick call request if he experienced further problems. (*Id.*). On November 3, 2015, plaintiff was seen by a nurse due to a hunger strike, but plaintiff reported no symptoms related to the chemical spray application on October 30, 2015. (Clagg Affidavit, Doc. 23-5 at ¶ 2). On November 17, 2015, plaintiff requested medical treatment for exposure to a chemical agent that occurred on November 5, 2015, not October 30, 2015. (*Id.*).

### C. Resolution

Defendant argues that summary judgment should be granted in his favor on plaintiff's Eighth Amendment denial of medical care claim because plaintiff cannot show that he was deliberately indifferent to his medical needs. (Doc. 23 at 10). Defendant contends that plaintiff's medical needs were not sufficiently serious, as he alleges no injury and there is direct evidence that he was treated immediately following the pepper spray incident. (*Id.* at 11). Defendant also argues that plaintiff cannot prove that defendant Sammons knew of and disregarded a substantial risk to plaintiff's health because defendant Sammons is not employed in a medical capacity at SOCF and plaintiff presented no evidence that defendant Sammons had knowledge of any injuries resulting from the pepper spray application. (*Id.*).

Defendant has submitted evidence demonstrating that Nurse Tipton treated plaintiff after the pepper spray incident on October 30, 2015 and plaintiff requested no other treatment related to the incident. (Affidavit of Roseanna Clagg, Doc. 23-5 at ¶ 2; Medical Exam Report of Reginald Phillips, Doc. 23-2 at 9). Like his excessive force claim above, plaintiff has not submitted any evidence to support the allegations in his complaint and to satisfy the objective and subjective components of an Eighth Amendment denial of medical care claim against

defendant Sammons. Thus, because plaintiff has failed to submit any evidence showing that defendant Sammons was deliberately indifferent to his medical needs, summary judgment should be granted to defendant on plaintiff's Eighth Amendment denial of medical care claim.

**VII. Conclusion**

Based on the foregoing, it is **RECOMMENDED** that:

1. Plaintiff's motion for summary judgment (Doc. 15) be **DENIED**; and
2. Defendant's motion for summary judgment (Doc. 23) be **GRANTED**[2].
3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Court Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 1/11/2018

Karen L. Litkovitz
United States Magistrate Judge

---

[2] The Court need not reach defendant's *Leaman*, *Heck*, and qualified immunity arguments since it has determined that plaintiff has failed to submit evidence creating a genuine issue of fact on both Eighth Amendment claims and summary judgment should be granted in favor of defendant.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

REGINALD PHILLIPS,
    Plaintiff,

vs.

SGT. WALTER SAMMONS,
    Defendant.

Case No: 1:16-cv-1034
Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).